IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL LOPEZ,

    Plaintiff,                                   CV F 02 5823 LJO WMW P

    vs.                                            ORDER RE: FINDINGS & RECOMMENDATIONS (#28)

C/O BURCH, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

        On December 28, 2004, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within thirty days. On February 10, 2005, plaintiff filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case.

        Plaintiff is proceeding against Correctional Officers Burch and Smith on a claim of excessive force. Plaintiff alleges a single incident of excessive force in August of 2000. Plaintiff's specific allegations are that on August 27, 2000, while waiting to be transferred back to the Substance Abuse Treatment from the Acute Care Hospital at CSP Corcoran, Plaintiff (in a

1  holding cage), asked C/O Burch when he would be returned.  Burch allegedly laughed at
2  Plaintiff, and told Plaintiff that he should only ask questions with respect.  C/O Richie came to
3  the holding cage and placed Plaintiff in mechanical restraints.
4          C/O Burch directed Richie to bring Plaintiff to another room.  Plaintiff entered the
5  room and sat down.  Plaintiff alleges that Burch "grab me and throw me to the wall and grab my
6  arms violently twisted trying to break them, then he grabbed by face and throat area squeezed out
7  throat and violently twisted my face causing pain to my jaw with both sides..."  Plaintiff alleges
8  that Defendants Smith and Richie observed this conduct, yet failed to intervene.  Plaintiff alleges
9  that this cause pain in his throat, and he could not "eat or chew to good."
10         Defendants Burch and Richie filed a motion to dismiss for Plaintiff's failure to
11 exhaust his available administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a) requires
12 Plaintiff to exhaust his available administrative remedies prior to filing suit.  Defendants Burch
13 and Richie to dismiss on the ground that, though Plaintiff did file an inmate grievance, he failed
14 to refer to the conduct of Defendant Richie.  Defendants refer to page 13 of their Exhibit A.
15 Defendants note that Plaintiff failed to mention Correctional Officer Richie.   Page 9 of
16 Defendants' Exhibit A is a copy of the Director's Level Appeal Decision.  The Director's Level
17 Decision states Plaintiff's case as follows:

> It is the appellant's position that Correctional Officer (C/O) Burch,
> California State Prison, Corcoran (COR), used excessive force on
> him on August 23, 2000.  He states that CO Burch was angry with
> him following a verbal exchange.  COs Richie and Smith were
> acting as lookouts while CO Burch threw him to the wall while in
> restraints, grabbed his arms and violently twisted them in an effort
> to break them.  CO Burch grabbed his face and throat and
> squeezed, causing pain to his jaw.  CO Burch called him a "piece
> of (expletive deleted)."  He states that he suffered pain in his
> throat, and is unable to each and chew well.

24         Most recently, the U.S. Supreme Court, in <u>Jones v. Bock</u>, 549 U.S. __, (January
25 22, 2007), in addressing a similar argument, held that the level of detail necessary in a grievance

is defined by the prison's requirements and not the PLRA. Specifically, the court held that compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. Id. The court held that in the absence of a prison grievance procedure mandating the naming of each individual, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

Here, the Court finds that Plaintiff properly exhausted. This lawsuit is challenging a single incident of excessive force. That incident is at issue in Plaintiff's grievance. Further, Plaintiff names Defendants Burch, Richie and Smith. Title 15, section 3084.1 of the California Administrative Code allows for appeal of any "departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." The Court therefore finds that Plaintiff has exhausted his administrative remedies regarding the incident at issue in this lawsuit.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued on December 28, 2004, are vacated; and

2. The parties are directed to file a status report. Plaintiff's status report is due filed within thirty days of the date of service of this order. Defendants' status report is due filed thirty days after the date of service of Plaintiff's status report.

IT IS SO ORDERED.

**Dated:**   **March 16, 2007**              /s/ William M. Wunderlich
j14hj0                                       UNITED STATES MAGISTRATE JUDGE